## McDonald & Co. v. Noonan.

1. **Promissory Note:** SIGNATURE: EVIDENCE. The denial of the genuineness of a signature to a promissory note may be overcome by its similarity to an admitted signature and other circumstances.

2. ———: EVIDENCE. Evidence was competent to show that judgment had been rendered upon other notes, like the one in controversy, with the knowledge of defendant.

*Appeal from Howard Circuit Court.*

MONDAY, DECEMBER 9.

ACTION upon a promissory note. There was a verdict and judgment for plaintiffs. Defendant appeals. The facts of the case appear in the opinion.

*H. Widner* and *H. C. McCartey,* for appellant.

*H. T. Reed,* for appellees.

BECK, J.—The note in suit purports to be executed by defendant and three others. The defendant, in his answer, denied under oath the execution of the note.

I. The plaintiff, in support of the issue made by the answer, introduced the defendant, and his testimony was the only oral evidence in the case. He testified that he did not sign the note, but that he had agreed to sign a note or notes with the other parties, as their surety, to be given for a threshing machine; that he knew of the existence of this and other notes given for the machine, with his

name purporting to be signed thereto, a few days after they were given, and made no objection thereto; that he was sued on one of the notes and made no defense; and that his signature to the affidavit attached to his answer in the case is genuine. Upon this evidence, and some other statements of like character, a verdict was rendered for plaintiffs, which defendant insists is so without support that we are required to set aside the judgment. We are not of that opinion. The defendant's absolute denial may have been overcome, in the minds of the jury, by absolute similarity of the signatures to the note and defendant's answer, his manner of testifying, and other matters of which we can have no cognizance. Other facts stated by him, some of which we have mentioned, would tend to discredit his denial of the signature, and support the case made by the comparison of signatures. We think the verdict is not so wanting in support of testimony as to justify our interference.

II. Defendant was required to testify, against his objections, that judgment was rendered on the other notes, and

2. ———: evidence. that he went to the attorney holding the note to make inquiry about the suit, and had negotiations for a settlement of the claim. This evidence, it is insisted, was erroneously admitted. We think it was competent, in view of the fact that while knowing the existence of the notes and that he was sued on one of them, he failed to raise objections on the ground he did not sign them. This evidence would tend to discredit his denial of his signature.

III. The note provides for the payment by defendant of reasonable attorney's fees. The court, without evidence, allowed ten per cent on the judgment upon this contract in the note. Defendant now insists that the judgment is erroneous, because the attorney's fees were allowed without evidence. But the petition alleges that a sum equal to ten per cent of the amount claimed is a reasonable fee. This allegation was not denied in the answer; neither was any objection

made to the judgment on this ground in the court below. It cannot, under these circumstances, be made in this court.

No other questions arise in the case. The judgment of the court below is

AFFIRMED.